**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**RUBY DEE THOMAS**     *
                        *
**v.**                  *     **Civil No. JKS 13-326**
                        *
**PRINCE GEORGE'S COUNTY, MARYLAND**     *
                        *

<u>**MEMORANDUM OPINION**</u>

Presently pending is Defendant's Motion for Summary Judgment.  ECF No. 17.  The issues have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Defendant's motion will be granted.

**1.      <u>Procedural History.</u>**

On January 30, 2013, Plaintiff filed a one count complaint alleging that Defendant retaliated against her for engaging in the protected activity of filing a discrimination charge with the Prince George's County Human Relations Commission (the Commission).  ECF No. 1.  After Plaintiff was deemed to be proceeding *pro se*, ECF No. 11, the parties jointly consented to proceed before a United States Magistrate Judge.  ECF Nos. 13 and 16.  Defendant then filed the pending motion.

**1.      <u>Background.</u>**

The following facts are either undisputed or are construed in the light most favorable to Plaintiff.  In 1998, Plaintiff, Ruby Dee Thomas,[1] began her employment with Defendant, Prince George's County, as a "Clerk Typist I/II."  ECF No. 17-1 at 4; No. 19 at 1.  Plaintiff worked in the Bulky Trash Collection division within the County's Department of the Environment (the Department).  In 2005, the Department restructured several positions within the Bulky Trash

---

[1] When Plaintiff began her employment, her name was Ruby T. Daniels.  She currently uses the name Ruby Dee Thomas.  ECF No. 20 at 2.

division as part of an agency-wide reorganization.  According to an audit conducted prior to the

reorganization, Plaintiff's duties were consistent with the duties of a General Clerk III and thus,

during the reorganization, Plaintiff's position was reclassified from a Clerk Typist I/II to a

General Clerk III.  ECF No. 17-2 at 3; No. 20 at 4.  "Plaintiff was the Senior Employee during

the reallocation and 10% salary increases were given to the two Caucasian employees, not the

one Black employee – the Plaintiff."  ECF No. 19 at 2.  Defendant does not dispute that

employees who were previously classified as a General Clerk II received a 10% increase in pay

when they were reclassified to General Clerk III.  This occurred, according to Defendant,

because, during the audit, it was determined that employees who were classified as General

Clerk II were also performing the duties of the General Clerk III, and Plaintiff did not receive a

pay increase because the Clerk Typist II position she occupied was already in a comparable

grade with the General Clerk III position.  ECF No. 17-2 at 3.  The parties agree that Plaintiff

was the highest paid General Clerk III within the Bulky Trash Collection Section at that time of

the agency reorganization, even without an increase in pay.  *Id.*; ECF No. 20 at 7.

In December 2006, Plaintiff filed a discrimination charge against Defendant with the

Commission alleging race and age discrimination as well as retaliation.  ECF No. 1 at 2.  The

charge was dismissed as untimely by the Equal Employment Opportunity Commission (EEOC)

on February 1, 2007.  ECF No. 1 at 2.

In February 2007, July 2007, November 2007, and April 2010, Plaintiff's supervisor

submitted Plaintiff's name for promotion to the General Clerk IV position, but Plaintiff was not

promoted.  ECF No. 20 at 9; ECF No. 20-14 at 5; ECF No. 17-2 at 3.  On June 15, 2010, Plaintiff

filed a new EEOC charge claiming that Defendant retaliated against her in denying the April

2010 promotion.  ECF No. 20 at 9.  The Commission was "unable to conclude that the

information obtained establishes violations of the statutes."[2]  ECF No. 1 at 3.

**2.**      <u>**Standard of Review.**</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 343, 347 (1986).  "For purposes of summary judgment, a fact is material if, when applied to the substantive law, it affects the outcome of the litigation." *Nero v. Baltimore Cnty., MD*, 512 F. Supp. 2d 407, 409 (D. Md. 2007) (citing *Anderson*, 477 U.S. at 248).  "Summary judgment is also appropriate when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F. Supp. 2d 606, 609 (D. Md. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact.  *Anderson*, 477 U.S. at 248-49.  "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Bertrand v. Children's Home*, 489 F. Supp. 2d 516, 518 (D. Md. 2007) (citing Fed. R. Civ. P. 56(e)).  "The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party." *Id.* at 518-19 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[2] Some of the facts presented in Plaintiff's brief have not been included because they relate only to a discrimination claim or an alleged failure to follow union grievance procedures.  Plaintiff's complaint alleges only retaliation.

U.S. 574, 587-88 (1986)).  "The court, however, cannot rely upon unsupported speculation and it

has an affirmative obligation to prevent factually unsupported claims and defenses from

proceeding to trial."  *Id.* at 519 (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th

Cir. 1987)).

      Plaintiff is currently proceeding as a *pro se* litigant.  "Although *pro se* litigants are to be

given some latitude, the above standards apply to everyone."  *Smith v. Vilsack*, 832 F. Supp. 2d

573, 580 (D. Md. 2011).  "Thus, as courts have recognized repeatedly, even a *pro se* party may

not avoid summary judgment by relying on bald assertions and speculative arguments."  *Id.*

(citations omitted).

**3.**    **Discussion.**

      Defendant argues that summary judgment is warranted because (1) Plaintiff's June 2010

retaliation claim is untimely with regard to the February 2007, July 2007, and November 2007

requests for promotion; (2) there is no temporal proximity, and thus no causal connection,

between Plaintiff's 2006 charge of discrimination and the April 2010 denial of a promotion; and

(3) in any event, the County's budgetary constraint qualifies as a legitimate, non-discriminatory

reason for the promotion being denied.  ECF No. 17 at 5-7.  Plaintiff responds that her

discrimination claim was timely because she was not aware of the three 2007 promotion requests

until 2010, and Defendant's justification of budgetary constraint is invalid because the constraint

only applied to certain employees.  ECF No. 20 at 9, 11.

      A Title VII plaintiff "may defeat a defendant's motion for summary judgment and

establish a claim for intentional race, sex, or age discrimination or retaliation through either the

'mixed-motive' or 'pretext' methods of proof."  *Kess v. Mun. Employees Credit Union of*

*Baltimore, Inc.*, 319 F. Supp. 2d 637, 643 (D. Md. 2004).  "Under the mixed-motive method, a

plaintiff avoids summary judgment by introducing sufficient direct or circumstantial evidence for a reasonable jury to conclude that an impermissible factor actually motivated an adverse employment decision." *Id.* Plaintiff has not presented any direct or circumstantial evidence showing that race actually motivated an adverse employment decision. Accordingly, Plaintiff's claim will be analyzed using the "pretext" methodology.

Under the traditional "pretext" method of proof, a plaintiff establishes her claim using a burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). To survive summary judgment under this scheme, Plaintiff must demonstrate (1) that she engaged in protected conduct, (2) that she suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action. *Smith v. Vilsack*, 832 F. Supp. 2d 573, 585 (D. Md. 2011) (citations omitted). Once that challenge is met, the burden shifts to Defendant to provide a non-discriminatory explanation for the adverse action. *Id.* If Defendant does so, then the burden shifts back to Plaintiff to show that the proffered reason is pretextual. *Id.*

## A. Timeliness of Plaintiff's Retaliation Claim.

Plaintiff's claim is untimely as to the promotion denials occurring in 2007. The protected activity cited by Plaintiff is the lodging of a discrimination complaint in December 2006. ECF No. 17-4. Title VII, the basis of Plaintiff's claim, requires a charge to be filed within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e–5(e). Plaintiff did not file her charge until June 15, 2010, far more than 300 days after the 2007 actions. Plaintiff's claim is thus untimely as to those actions. *Soble v. Univ. of Maryland*, 572 F. Supp. 1509, 1512 (D. Md. 1983).

Plaintiff asserts that her claim should be considered timely because she was not timely aware of the 2007 promotion requests.  ECF No. 20 at 9.  However, in her deposition Plaintiff testified that she "knew every time that [Ms. Larman] submitted" a recommendation for her promotion.  ECF No. 26-1 at 4.  She reiterated that "in 2007 I did know, because [Ms. Larman] said she was submitting it."  *Id.* at 5.  Plaintiff cannot excuse the delinquency of her filing based on a lack of notice.

Plaintiff also contends that Defendant's conduct was continuous in nature and thus the time period in which she may file her retaliation claim should be tolled.  ECF No. 1 at 3; ECF No. 20 at 11.  Title VII recognizes that certain violations, once commenced, are continuing in nature, and in such a scenario, plaintiffs can file charges at any time up to 300 days after the violation ceases.  *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 561 (1977).  However, this is not such a case.  In *Soble v. Univ. of Maryland*, 572 F. Supp. 1509 (D. Md. 1983), the court held that "plaintiff's claim of discrimination in denial of promotion arose each time she was denied the promotion, and, because of this, the [earlier] decision not to recommend the plaintiff for promotion [wa]s barred as the subject of a Title VII claim."  *Id.*at 1516.  The court emphasized that "[w]hile the plaintiff has continued her efforts to obtain a promotion, continuing efforts does not mean that a continuing violation is present."  *Id.*  The court accordingly dismissed the claim arising from the earlier denial of promotion.  The same result is warranted here with regard to the 2007 promotion requests.  The claim is timely only as to the 2010 promotion request.

**B.  A *Prima Facie* Retaliation Claim: Establishing a Causal Link.**

Having eliminated the 2007 promotion denials from consideration, the court will consider whether a causal link exists between the 2006 charge of discrimination and the denial of the April 2010 request for a promotion.  Ordinarily there must be "some degree of temporal

proximity to suggest a causal connection." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005).  A lengthy time lapse between the protected activity and the alleged adverse action often negates any inference that a causal connection exists between the two.  *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 720 (D. Md. 2013). "Although the Fourth Circuit has not set a clear limit for 'close temporal proximity,' it has required other evidence of discriminatory animus when the interval between protected activity and the adverse action is as great as seven months."  *Lee v. Safeway, Inc.*, No. RDB 13-3476, 2014 WL 4926183, at *12 (D. Md. Sept. 30, 2014) (citing *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)); *see also Pascual v. Lowe's Home Centers, Inc.*, 193 Fed. App'x. 229, 233 (4th Cir. 2006) (concluding that a lapse of three to four months between the protected activity and the alleged retaliation "is too long to establish a causal connection by temporal proximity alone").  Here, the 2010 promotion denial occurred more than three years after Plaintiff filed her 2006 charge of discrimination.  This time gap is too long to establish a causal connection between Plaintiff's discrimination charge and Defendant's refusal to promote.  *See Hawkins v. Leggett*, 955 F. Supp. 2d 474, 488 (D. Md. 2013) ("Temporal proximity of six months, however, is insufficient to state a *prima facie* case of causation.").

Plaintiff also points to the facts that (1) she had been employed by Defendant for seven years when her Department was restructured, (2) she was the most senior employee of all of the clerks, and (3) she was the only clerk responsible for performing supervisory duties such as documenting time sheets, producing weekly reports and training new staff, as evidence that she should have received an increase in pay.  Her supervisor, Karen Larman, confirmed that she requested a promotion for Plaintiff "because when I am out of the office [Plaintiff] acts as the Lead Clerk."  ECF No. 20-22 at 3.  This evidence, like much of Plaintiff's evidence, may have

been relevant to a discrimination claim, but it is not relevant to this retaliation claim.[3]

### C. Evidence of a Legitimate Non-Discriminatory Justification.

Even if Plaintiff had successfully raised a presumption of retaliation, Defendant has satisfied its burden of providing a legitimate non-discriminatory reason for denying Plaintiff's requests for promotion, namely, that the Department was restricted by a budgetary constraint. *See Eduardo Vazquez v. Maryland Port Admin.*, 937 F. Supp. 517, 522 (D. Md. 1995) (concluding that budgetary considerations, staffing and other operational requirements constituted legitimate, non-discriminatory reasons for denying a request for training and were necessary for effective business administration). Jenise Anthony, the human resources officer for the Department, stated in an affidavit that Plaintiff was not promoted to the General Clerk IV position in February 2007, July 2007, November 2007 or April 2010 "due to budget constraints imposed by the County's Office of Management and Budget." ECF No. 17-2 at 3. Ms. Anthony affirmed that "other County employees within [the Department] were also submitted for promotion in February 2007, July 2007, November 2007 and April 2010" and "[l]ike Mrs. Thomas, none of those employees were [sic] promoted due to budget constraints imposed by the County's Office of Management and Budget." ECF No. 26-2 at 2. "In fact, all requests from employees involving fiscal salary adjustments, promotions, etc[.] were held in abeyance due to the fiscal constraints imposed by the County's Office of Management and Budget." *Id.* at 3. Plaintiff has offered no evidence to rebut Ms. Anthony's assertions or otherwise show that the claimed budgetary constraint is actually a pretext for

---

[3] In any event, the fact that Plaintiff performed extra duties does not give rise to an inference of unlawful retaliation. In *Okoh v. Univ. of Maryland E. Shore*, Case No. AW 08-1855, 2010 WL 118367 (D. Md. Jan. 7, 2010), the plaintiff claimed that she did not receive a promotion on account of her race and was qualified for the position because she had essentially been performing it for over seven years. Despite this allegation, the court held that plaintiff failed to sufficiently allege that the denial of her promotion gave rise to an inference of unlawful discrimination. *Id. at *5.* Here, Plaintiff's assertion that she performed extra duties does not create a genuine issue of material fact relating to whether Defendant retaliated against her for filing her 2006 discrimination claim.

retaliation.[4]   The fact, if correct, that Plaintiff was asked to train two Caucasian employees

in 2006,  ECF No. 20 at 5-6, is not relevant because it is remote in time and because these

employees are not shown to have occupied comparable positions.  Thus, Defendant's

justification for denying Plaintiff's 2010 promotion request remains unopposed.

**4.   Conclusion.**

The Court will grant Defendant's motion for summary judgment.

Date:  January 23, 2015                              _____/S/_____
                                                     Jillyn K. Schulze
                                                     United States Magistrate Judge

---

[4] Plaintiff's assertion that the budgetary constraints were "only for certain employees," ECF No. 20 at 11, is mere opinion, unsupported by any evidence.